David G. Barker (#024657)
Emily R. Parker (#036286)
Cameron Schlagel (*pro hac vice*)
SNELL & WILMER L.L.P.
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: dbarker@swlaw.com
        eparker@swlaw.com
        cschlgel@swlaw.com
*Attorneys for Plaintiff Carlisle Interconnect Technologies, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlisle Interconnect Technologies, Inc., a Delaware corporation, | No. 2:22-cv-00717-SPL |
| Plaintiff, | **PLAINTIFF CARLISLE INTERCONNECT TECHNOLOGIES, INC.'S MOTION TO AMEND THE CASE MANAGEMENT ORDER** |
| v. | |
| Foresight Finishing, LLC, an Arizona limited liability company; Foresight Finishing Properties, LLC, an Arizona limited liability company, | (First request to modify the Scheduling Order) |
| Defendants. | (Oral Argument Requested) |

Plaintiff Carlisle Interconnect Technologies, Inc. ("CIT"), hereby moves the Court, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and LRCiv 7.3, to extend the fact discovery cutoff and modify the Scheduling Order. ECF No. 18. This is CIT's first request to modify the Scheduling Order. Good cause exists to modify the Scheduling Order based on: (1) the impending February 17, 2023, cutoff for fact discovery; (2) the parties' pending Joint Motion for Discovery Dispute Resolution, ECF No. 33; and (3) the outright refusal of Defendants Foresight Finishing, LLC, and Foresight Finishing Properties, LLC (jointly, "Defendants") to participate in ***any*** discovery. Defendants do not oppose modification of the Case Management Order.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## **BACKGROUND**

On April 27, 2022, CIT commenced this action to defend its proprietary, trade secret selective plating process (the "Selective Plating Process"), which Defendants have misappropriated. ECF No. 1. CIT proposed a confidentiality agreement on July 27, 2022. On August 19, 2022, CIT disclosed its Selective Plating Process as tangible things (Fed R. Civ. P. 26(a)(1)(A)(ii)) available for Defendants' inspection. On August 24, 2022, CIT served discovery, requesting documents relating to and demanding an inspection of Defendants' machine (the "Foresight Machine"). On September 23, 2022, Defendants responded to CIT's written discovery, refusing to produce any documents relating to the Foresight Machine and refusing CIT's request for inspection. Defendants based their refusal on the specious claim that CIT "failed to disclose the 'alleged trade secrets'" that Defendants misappropriated (despite CIT making its Selective Plating Process available for inspection) and because there was no confidentiality agreement in place (even though Defendants received a draft agreement two months prior). On September 26, 2022, CIT's counsel served a supplemental disclosure statement and followed up regarding the proposed confidentiality agreement. Throughout the remainder of September and October, CIT's counsel met and conferred multiple times with Defendants' counsel concerning Defendants' deficient discovery responses and their refusal to allow inspection of the Foresight Machine.

Not until November 15, 2022, did the parties finally execute the confidentiality agreement—after Defendants delayed for months. Immediately thereafter, CIT, in good faith, made an extensive supplemental disclosure enumerating the details of its Selective Plating Process, **supported by 72 photos and videos**. On November 21, 2022, CIT requested that Defendants provide dates for the depositions of two former CIT employees who Defendants currently employ (the "Foresight Employees"). *See* Ex. A. Defendants' counsel never responded to this request. In fact, in its December 1, 2022 meet and confer letter concerning discovery, Defendants renewed their objection that CIT still had not adequately

disclosed its trade secrets and refused to permit inspection of the Foresight Machine, yet Defendants did not address the employee depositions that CIT had requested over a week earlier. Accordingly, on December 2, 2022, CIT noticed the Foresight Employees' depositions.

After unsuccessfully meeting and conferring concerning CIT's demand for inspection, the parties filed, on December 9, 2022, their Joint Motion for Discovery Dispute Resolution. ECF No. 33. Despite having been served with the notices of deposition a week prior, Defendants did not raise the issue of the employee depositions in the Joint Motion (or the conference of counsel that preceded it). To the contrary, Defendants made clear that their **only objection** was to the inspection of the Foresight Machine, arguing (albeit erroneously) that "CIT proposes to go on, what can only be described as 'a fishing expedition', **to tour and inspect Foresights' facility and processes** to, presumably, find some basis for its claims." ECF No. 33 at 2:22–24 (emphasis added).

Defendants ignored and continue to obfuscate the fact that Defendants' own social media post provides more than a good-faith basis for CIT's claims. ECF No. 22 ¶ 65. It is not surprising that Defendants are doing all they can to prevent CIT and this Court from seeing the Foresight Machine, because it likely is an exact copy of CIT's trade secret Selective Plating Process. If it were otherwise, Defendants would immediately have allowed CIT's lawyers to inspect the machine. There is no doubt that Defendants know exactly the scope of CIT's trade secrets because the Foresight Employees were intimately involved with them while they worked at CIT. Defendants' feigned ignorance is an improper delay tactic that not only violates the Federal Rules of Civil Procedure but relies on an interpretation of trade secret law that has no basis in any cases Defendants have cited or of which CIT is aware.

Regarding the Foresight Employees' depositions specifically, Defendants did not object to the depositions until December 13, 2022, when they claimed—for the first time— that the depositions were premature in view of the pending joint discovery motion. *See* Ex. B, at 7. CIT promptly responded that, considering that Defendants had not previously

1  objected to the employee depositions, its *post hoc* attempt to broaden the parties' discovery
2  dispute and effectively stay all fact discovery was improper, without any legal basis. *See id.*
3  at 6-7. Defendants nevertheless refused to voluntarily produce their employees for
4  deposition. *See id.* at 5-6. Accordingly, pursuant to Rule 45 of the Federal Rules of Civil
5  Procedure, on December 15, 2022, CIT served deposition subpoenas for the Foresight
6  Employees, and Defendants' counsel accepted service of the subpoenas. *See id.* at 3-5.
7  Defendants again asserted that they would not produce witnesses or engage in any further
8  discovery until the Court ruled on the Joint Motion. *See id.*

9  On December 16, 2022, in yet another attempt to resolve this dispute without Court
10 intervention, counsel for CIT explained in great detail that, notwithstanding the Joint
11 Motion, fact discovery is open and there is simply no basis for Defendants' outright refusal
12 to participate in ***any*** discovery, including the employee depositions. *See id.* at 1-3. Yet,
13 Defendants predictably maintained their erroneous objections. *See id.* at 1.

14 CIT agreed to an original discovery schedule based on the then-legitimate
15 assumption that Defendants would comply with their obligations to the Court and to CIT
16 and participate in discovery. Instead, Defendants have failed to participate in discovery
17 without any legitimate basis. CIT has taken all reasonable efforts to avoid raising the issues
18 with the Court, but CIT has no choice now that the close of discovery is imminent.

## II.

## ARGUMENT

21 An existing scheduling order may be modified by the Court for good cause. Fed. R.
22 Civ. P. 16(b)(4). In the Ninth Circuit, Rule 16(b)'s good cause standard primarily considers
23 the diligence of the party seeking the amendment. *See Johnson v. Mammoth Recreations,*
24 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule
25 if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

26 Courts within the Ninth Circuit utilize a three-step inquiry in resolving the question of
27 diligence. *See Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).
28 Under that inquiry:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [ ]he was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that h[is] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding h[is] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [ ]he was diligent in seeking amendment of the Rule 16 order, once it became apparent that [ ]he could not comply with the order.

*Id.* (internal citations omitted). The existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, but the focus of the inquiry is upon the moving party's reasons for seeking modification. *See id.*

As discussed, Defendants' position is, effectively, that the pending Joint Motion operates as a stay on all discovery. It is thus clear that despite CIT's diligent and good faith efforts to resolve these disputes, Defendants will not participate in discovery until the Court rules on the Joint Motion. Accordingly, in view of the impending February 17, 2023 cutoff for fact discovery, coupled with Defendants' complete refusal to participate in discovery, good causes exists to modify the Scheduling Order. To this end, CIT respectfully requests that the Court modify the Scheduling Order as follows:

| **Deadline** | **Current Date** | **Extension Date** |
|---|---|---|
| Fact Discovery and All Disclosure Required Under Rule 26(a)(3) | February 17, 2023 | **60 days after the Court rules on the Parties' Joint Motion (all written discovery shall be served 45 days prior)** |
| Expert Disclosures | March 17, 2023 | **Same Interval** |
| Rebuttal Expert Disclosures | April 21, 2023 | **Same Interval** |
| Expert Depositions | May 19, 2023 | **Same Interval** |
| Dispositive Motions and Motions Challenging Expert Opinion Testimony | June 30, 2023 | **Same Interval** |
| Good Faith Settlement Talks | July 28, 2023 | **Same Interval** |

# III.

# **CONCLUSION**

For the foregoing reasons, CIT respectfully requests that the Court modify the scheduling order as set forth here for good cause shown. For the Court's convenience and in compliance with LRCiv. 7.1(b), a proposed form of order is attached.

DATED this 29th day of December, 2022.

                                      SNELL & WILMER L.L.P.

                                 By: *s/ David G. Barker*
                                       David G. Barker
                                       Emily R. Parker
                                       Cameron Schlagel
                                       One East Washington Street
                                       Suite 2700
                                       Phoenix, Arizona  85004-2556
                                       *Attorneys for Plaintiff Carlisle Interconnect Technologies, Inc.*